**Verry Agus WIJAYA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71917.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 16, 2007.

Daniel Hanlon, Hanlon & Greene, Pasadena, CA, for Petitioner.

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Lyle Jentzer, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Verry Agus Wijaya, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence, *Ali v. Ashcroft,* 394 F.3d 780, 784 (9th Cir.2005), we deny the petition for review.

Substantial evidence supports the IJ's denial of asylum because any harm that Wijaya suffered does not rise to the level of past persecution. *See Prasad v. INS,* 47 F.3d 336, 339–340 (9th Cir.1995). Additionally, Wijaya does not have a well-founded fear of future persecution because Wijaya failed to demonstrate that his fears are distinct from those felt by other ethnic Chinese Christians in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1181 (9th Cir.2007) (en banc).

Because Wijaya cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to withholding of removal. *See Prasad,* 47 F.3d at 340.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.